**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WILLERT HOME PRODUCTS, INC., )<br> )<br>   Plaintiff, )<br> )<br>   vs. )<br> )<br>DRIVELINE RETAIL MERCHANDISING, )<br>INC., )<br> )<br>   Defendant. ) | Case No. 4:20-cv-01151-MTS |

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Partial Motion to Dismiss, Doc. [4], in which Defendant seeks to have the claim for tortious interference, one of the two counts against it, dismissed. This Motion is fully briefed and ready for adjudication. For the reasons stated herein, the Court will grant the Motion.

**I.    Background**

Plaintiff, Willert Home Products, manufactures household goods that are sold at various retailers, including Dollar General stores. Plaintiff entered into an agreement with Defendant, Driveline Retail Merchandising, whereby Defendant would provide retail reset services, along with other related services for Plaintiff, at 15,999 Dollar General stores in exchange for a fee. The agreement provided an estimate of the amount Defendant anticipated charging Plaintiff to perform the services at the stores, but it did not specify any set amount of payment.

Defendant sent an invoice to Plaintiff on December 10, 2019 for $237,604.01, claiming to have performed the agreed services at 15,491 Dollar General stores. On February 14, 2020, Defendant sent another invoice to Plaintiff for $9,478.26, claiming to have performed the same services at an additional 555 Dollar General stores. These invoices, Plaintiff alleges, were

inaccurate because Defendant performed the services at only approximately 9000 stores, so Plaintiff refused to pay. In response, Defendant "indicated that it intended to involve Dollar General in [the] dispute." Doc. [1-1] ¶ 4. Because of that, Plaintiff alleges that Defendant "appears to be attempting to harm [Plaintiff's] existing business relationship with Dollar General," one of Plaintiff's "long-standing" customers. *Id.* ¶¶ 23, 27.

Plaintiff filed this suit in the Circuit Court of the City of St. Louis seeking a declaratory judgment that it does not owe the amount Defendant claims, Count I, and seeking injunctive relief along with money damages for Defendant's tortious interference in Plaintiff's business relationship with Dollar General, Count II. Defendant removed the case to this Court on the basis of diversity, *see* 28 U.S.C. § 1441, and subsequently moved for dismissal of Count II under Fed. R. Civ. P. 12(b)(6), the Motion now before the Court.

**II.     Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). The factual content of a plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). If a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be

dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).

When ruling on a motion to dismiss, the Court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and must grant all reasonable inferences in its favor, *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).  Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677–78.  Indeed, "[c]ourts should dismiss complaints based on 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'"  *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (quoting *Twombly*, 550 U.S. at 555).

To plead a claim for tortious interference with a contract or business expectancy, the count at issue here, a plaintiff must plead facts that show: "(1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct."  *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 19 (Mo. banc 2012); *accord Bishop & Assocs., LLC v. Ameren Corp.*, 520 S.W.3d 463, 472 (Mo. banc 2017).

**III.   Discussion**

Defendant argues that Plaintiff has failed to plausibly allege all five necessary elements for tortious interference.  Because the Court finds that Plaintiff plainly has failed to allege the third and fifth elements—interference that caused the breach of any contract or relationship and any damages—the Court will not address the remaining elements.

The third element has two requirements.  First, it requires intentional interference by the defendant, and second, it requires that defendant's intentional interference caused a breach of a contract or of a relationship.  *See Bishop & Assocs.*, 520 S.W.3d at 472 ("(3) a breach induced or caused by defendant's intentional interference").  In other words, to satisfy the third element, a defendant must interfere to such a degree that it causes a breach that would not have occurred but for a defendant's interference.  *See, e.g.*, *Cmty. Title Co. v. Roosevelt Fed. Sav. & Loan Ass'n*, 670 S.W.2d 895, 905 (Mo. Ct. App. 1984) (noting tortious interference requires defendant to have "actively and affirmatively [taken] steps to induce a breach"); *Fabricor, Inc. v. E.I. DuPont de Nemours & Co.*, 24 S.W.3d 82, 93 (Mo. Ct. App. 2000) ("To establish the third element of a tortious interference claim, the plaintiff must show that the defendant's acts induced or caused a breach of the relationship.").

Plaintiff argues that it has pleaded the third element sufficiently because it alleged facts to support that "Defendant has, without justification, threatened to involve Dollar General in the [parties'] dispute" and threatened to "make false representations to Dollar General regarding [Plaintiff] allegedly breaching th[e] Agreement."  Doc. [15] at 5.  Though Plaintiff alleged that Defendant *may* involve Dollar General, nowhere does Plaintiff allege that Defendant *has* involved Dollar General, *i.e.*, that Defendant intentionally has interfered with Plaintiff's business relationship or any contract.  With no interference alleged, thereby failing the third element's first requirement, it also failed to plead any breach, let alone a breach caused by any interference from Defendant—the second requirement of the third element.[1]  Plaintiff alleges in the

---

[1] With no breach or interference alleged, Plaintiff also failed to allege any facts showing how it was damaged, the fifth and final element of tortious interference.  Rather, it stated only the alternative conclusions that Defendant "is causing, and/or will cause in the future, substantial and irreparable harm."  Doc. [1-1] ¶ 28.  Such conclusory language does not establish damages, and for this independent reason, Plaintiff failed to state a claim upon which relief can be granted.  *Taylor v. Taylor*, 566 S.W.3d 641, 657 (Mo. Ct. App. 2018) ("[A] claim for tortious interference cannot prevail unless the plaintiff satisfies the element of showing he was damaged as a direct result of

- 4 -

Complaint only that Defendant "indicated that it intended to involve Dollar General," Doc. [1-1] ¶ 21, that Defendant "appears to be attempting to harm" Plaintiff's "existing business relationship with Dollar General," *id.* ¶ 23, and that Defendant "appears intent on damaging [Plaintiff's] relationship" with Dollar General, *id.* ¶ 27.  Plaintiff has not pointed the Court to any case that recognizes an anticipatory tortious interference claim of this nature or that indicates the mere intention to interfere, without actual interference and breach, is enough.  Indeed, as cited herein, the case law says otherwise.

## Conclusion

Because tortious interference requires actual interference by a defendant inducing or causing a breach of the contract or relationship, thereby causing damages, and Plaintiff has not pleaded facts showing Defendant has interfered, that a breach occurred, or that it has suffered any damages whatsoever, Plaintiff has failed to state a claim for tortious interference.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count II, Doc. [4], is **GRANTED**.  Count II is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is given fourteen (14) days in which it may file an Amended Complaint.

Dated this 21st day of January 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

the interference."); *Boemler Chevrolet Co. v. Combs*, 808 S.W.2d 875, 881 (Mo. Ct. App. 1991) (noting that to "successfully enjoin appellants' picketing, respondent must establish" the five elements of tortious interference including "resulting damages").