# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLERT HOME PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-01151-MTS |
| ) | |
| DRIVELINE RETAIL MERCHANDISING, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff, Willert Home Products, Inc., and Defendant, Driveline Retail Merchandising, Inc., each moved for summary judgment in this case on November 15, 2021, Docs. [45] & [52], and responses to the motions are soon due. *See* Doc. [32]. On November 29, 2021, Plaintiff moved to strike Defendant's Statement of Uncontroverted Material Facts, Doc. [54], "for failing to comply with" Federal Rule of Civil Procedure 56 and this Court's Local Rule 4.01(E), Doc. [64]. After reviewing Defendant's Statement of Uncontroverted Material Facts, the Court concludes that Defendant did not comply with those rules. Accordingly, the Court will strike Defendant's statement of uncontroverted material facts *without* prejudice and allow Defendant to refile a proper one.

Summary judgment is appropriate only when there is "no *genuine* dispute as to any *material* fact." Fed. R. Civ. P. 56(a) (emphasis added). To facilitate the determination of whether a genuine dispute of material fact exists, the local rules of this Court require a party moving for summary judgment to file a Statement of Uncontroverted Material Facts ("SUMF"). L.R. 4.01(E). As the name suggests, only facts that are both *uncontroverted* and *material* should be included. Of course, there will be instances when parties disagree, in good faith, whether a

particular fact is material or whether the cited material actually supports or contravenes a particular fact.  But plainly immaterial and plainly controverted facts have no place in a Statement of Uncontroverted Material Facts.  Here, Defendant submitted 129 numbered paragraphs in its SUMF.  Doc. [54].  Plaintiff argues that "many" are controverted and that "many" are "clearly not material to the summary judgment issues."  Doc. 65 at [2].

The Court cannot determine at this point how many, if any, are controverted or immaterial.  Regardless, Plaintiff points out an issue with another aspect of Defendant's SUMF that the Court can plainly see upon an initial review.  Local Rule 4.01(E) requires that the SUMF state "*each* relevant fact in a separately numbered paragraph stating how *each* fact is established by the record, with appropriate supporting citation(s)." (emphasis added).  Numerous paragraphs within Defendant's SUMF state multiple facts followed by a string of citations.  This practice violates the local rule and makes responding to — and ruling on — the summary judgment motion exceedingly more difficult and does not help "to secure the just, speedy, and inexpensive determination of every action and proceeding."  *See* Fed. R. Civ. P. 1.

## CONCLUSION

In sum, Defendant should review its Statement of Uncontroverted Material Facts, remove any plainly immaterial facts and plainly controverted facts, and ensure each fact is cited with its own direct citation to record evidence.  Defendant shall file its new SUMF no later than Wednesday, December 15, 2021.  Failure to do so will result in the striking of the current SUMF *with* prejudice.  In addition, responses to *all* pending motions — including Defendant's Motion for Summary Judgement and any updated SUMF — shall be filed by December 30, 2021.  Any replies to all pending motions shall be filed by January 7, 2022.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike, Doc. [64], is **GRANTED**. Defendant's Statement of Uncontroverted Material Facts, Doc. [54], is **STRICKEN without prejudice**.

**IT IS FURTHER ORDERED** that the response and any reply deadlines to all pending motions are **AMENDED** as discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time, Doc. [66], is **DENIED** as moot.

Dated this 3rd day of December, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE