# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLERT HOME PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-01151-MTS |
| ) | |
| DRIVELINE RETAIL MERCHANDISING, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Last month, the Court granted Defendant/Counter-Plaintiff Driveline Retail Merchandising, Inc.'s ("Driveline") Motion for Summary Judgment, Doc. [52], in this action. Doc. [88]. The Court concluded that Driveline was entitled to the full amount it had invoiced Plaintiff/Counter-Defendant Willert Home Products, Inc. ("Willert") plus a late fee of 1.5% per month after payment was "30 days past due." *Id.* at 12. For the total work it performed, Driveline invoiced Willert two times, once immediately after the program end date and then the remainder at the program completion. Thus, there were two invoices of different amounts that became past due on different dates and began accruing the "late fee of 1.5% per month" at different times. *See id.* Driveline originally did not provide a final computation of damages in its summary judgment briefing, and the Court declined to perform the calculation in the first instance. The Court ordered briefing on the final damages amount. Driveline provided a final computation of damages of $342,184.40 plus an additional $119.56 per day from February 18, 2022 until the Court enters final judgment. Doc. [89]. Willert "d[id] not dispute" Driveline's

calculation of the 1.5% late fees.  Doc. [90].  The Court therefore will enter a judgment awarding Driveline $344,216.92.[1]

In its briefing on damages, Driveline notes that it also seeks pre-judgment interest at the Missouri statutory default rate of nine percent per annum in addition to the late fee.  Doc. [89] at 3; *see also* Doc. [5] at 8; Mo. Rev. Stat. § 408.020.  Willert disputes Driveline's entitlement to the additional nine percent interest under § 408.020, Doc. [90], and the Court agrees.  Section 408.020 provides that "[c]reditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made."  The Court finds that the late fee of 1.5% per month constitutes the agreed upon rate such that § 408.020 does not apply.  *Heritage Roofing, LLC v. Fischer*, 164 S.W.3d 128, 135 (Mo. Ct. App. 2005) (finding § 408.020's 9% per annum did not apply where contract called for "a one percent monthly finance charge on overdue balances"); *see also Bolivar Insulation Co. v. R. Logsdon Builders, Inc.*, 929 S.W.2d 232, 236 (Mo. Ct. App. 1996) (finding § 408.020's 9% per annum did not apply where contract required party to pay interest at the rate of 18% per annum on accounts not paid within 30 days of invoice dates); *cf. Trinity Prod., Inc. v. Burgess Steel, LLC*, 486 F.3d 325, 335 (8th Cir. 2007) (finding that where the parties "crossed out" a provision on a "pre-printed contract form [that] provided for 1.5% interest per month on amounts past due," § 408.020 "did not apply" because the change "reflect[ed] an agreement that no interest will be owing on amounts past due").

---

[1] Seventeen days have elapsed since February 18, 2022, which adds an additional $2032.52.  ($119.56 x 17) + $342,184.40 = $344,216.92

- 3 -

## CONCLUSION

For the reasons explained herein, the Court will enter a judgment awarding Driveline $344,216.92 on its counterclaim, and the judgment will not award any statutory prejudgment interest under Missouri law.

Dated this 7th day of March, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE