**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WILLERT HOME PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-01151-MTS |
| ) | |
| DRIVELINE RETAIL MERCHANDISING, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff/Counter-Defendant Willert Home Products, Inc.'s ("Willert") Motion to Alter or Amend Judgment or for Relief from Order Under Rules 59 and 60, Doc. [94]. The Motion is fully briefed and ripe for adjudication. After fully reviewing the parties' briefing and considering Willert's arguments, the Court declines to alter, amend, or otherwise provide relief from its Judgment in this case. Therefore, the Court will deny the Motion. The Court finds its Memorandum and Order, Doc. [88], and the subsequent Memorandum Opinion, Doc. [91], sufficiently detail the Court's reasoning such that an expanded opinion on the instant Motion is unnecessary, but the Court will address one new point in Willert's Motion.

Willert contends that Defendant/Counter-Plaintiff Driveline Retail Merchandising, Inc. ("Driveline") admitted seventeen "additional material facts" when it "fail[ed] to dispute them." Doc. [94] at 1–2; *accord* Doc. [96] at 3. Willert refers to seventeen statements of what it calls uncontroverted material facts that it submitted in opposition to Driveline's Motion for Summary Judgment—a so-called Statement of Additional Uncontroverted Material Facts. Willert included this Statement of Additional Uncontroverted Material Facts within its Response to Statement of Material Facts filed in opposition to Driveline's Motion for Summary Judgment. *See* Doc. [76]

at 123–25.  Willert asserts that the Court did not "address the existence" of those additional facts, which, in Willert's view, were admitted by Driveline when it did not file anything disputing them.  Doc. [94] at 1–2; *accord* Doc. [96] at 3.  Driveline, however, had no obligation to respond to Willert's "Statement of Additional Uncontroverted Material Facts" because the Local Rules of this Court do not require such a document or contemplate a response to it.  *Compare* E.D. Mo. L.R. 4.01(E) (discussing, and discussing only, a "Statement of Uncontroverted Material Facts" by the moving party and a "Response to Statement of Material Facts" by the opposing party), *with, e.g.*, N.D. & S.D. Iowa L.R. 56(b), (d) (requiring a "statement of additional material facts" and a reply to the resisting party's statement of additional facts).  Thus, Driveline did not admit Willert's "additional" facts by not filing a document the Local Rules of this Court do not contemplate in response to another document the Local Rules do not require.  *Cf. Parmelee v. Standard Fire Ins. Co.*, 697 F. Supp. 2d 1069, 1073 (E.D. Mo. 2010) (granting plaintiff's *motion for leave of court* to file a statement of additional uncontroverted material facts in response to defendant's motion for summary judgment).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counter-Defendant Willert Home Products, Inc.'s Motion to Alter or Amend Judgment or for Relief from Order Under Rules 59 and 60, Doc. [94], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff/Counter-Defendant shall file any opposition to Defendant/Counter-Plaintiff's Motion for Bill of Costs no later than **Wednesday, May 4, 2022**.

Dated this 28th day of April, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE